THOMPSON v MARION (city) et

Ohio Appeals, 3rd Dist, Marion Co

No 870.

William P. Moloney, Marion, for plaintiff-appellant.
Ralph Carhart, Marion, for defendants-appellees.

## OPINION

By GUERNSEY, PJ.

This is an appeal on questions of law from a judgment of the Common Pleas Court of Marion County, Ohio, in an action therein wherein James W. Thompson, the appellant, was plaintiff and the City of Marion, Ohio; Sherman Haldeman as treasurer of the City of Marion, Ohio, and Harry V. Mounts as auditor of Marion County, Ohio, the appellees, were defendants.

In his petition the plaintiff alleges that the defendant The City of Marion, Ohio, is a municipal corporation; that the defendant Sherman Haldeman is the duly elected, qualified and acting treasurer of the city of Marion, Ohio; that the defendant Harry V. Mounts is the duly elected, qualified and acting auditor of Marion County, Ohio; that the Legislature of the State of Ohio heretofore enacted §§4600 to 4631 GC and therein and thereby provided a system of pensions in the several municipalities of the State of Ohio and pursuant to the authorization therein the City of Marion, Ohio, on or about the 11th day of October, 1926, by proper legislation established a police pension system in and for the City of Marion, Ohio, and from and after said date a legally established police pension system has existed in the City of Marion, Ohio.

The plaintiff further alleges that the establishment of said police pension system in the City of Marion, Ohio. caused all of the provisions of the sections of the General Code hereinabove referred to, to become effective within the City of Marion, Ohio, and that such provisions continue to be effective; and that among the sections providing for the establishment of the police pension system is §4621 GC, wherein it is specifically provided that there shall be levied as provided by law for other municipal levies and in addition to all other levies authorized by law, a tax of not to exceed three-tenths of a mill on each dollar upon all the real and personal property as listed for taxation in such municipalities, but sufficient in amount within the three-tenths of a mill to provide funds for the payment of all pensions granted to policemen under existing laws.

Plaintiff further alleges that pensions have been granted to policemen of the City of Marion, Ohio, under existing laws and that the provisions of §6421 GC have been and are effective within the City of Marion, Ohio, and that in compliance with the requirements of law there has been levied and collected a tax in the sum of $7166.10 for the payment of policemen pensions and for no other purpose whatsoever; and that the defendant Harry V. Mounts is auditor of Marion County, Ohio, and is now making settlement with the City of Marion, Ohio, and is reporting the collection of said sum of $7166.10, said sum being the result of a levy made pursuant to the provisions of law establishing and governing police pension systems, and that it is not available for any other purpose except the payment of pensions of policemen, and that this defendant should be required to report the same as a specific fund for the purpose only and should be enjoined from reporting the same otherwise.

Plaintiff further alleges that the defendant Sherman Haldeman as treasurer of the City of Marion, Ohio, is the legal custodian of the funds for the payment of pensions to policemen and that said Sherman Haldeman as such treasurer has no capacity to receive said sum of $7166.10 except as custodian of said specific funds and he should be enjoined from receiving or attempting to receive it in any other capacity or for any other purpose whatsoever.

Plaintiff further alleges that the defendant the City of Marion, Ohio, has heretofore by proper legislation established a police pension system pursuant to the provisions of law authorizing the same and has caused all of the provisions of law applying to or governing a police pension system to be operative and to become effective within the City of Marion, Ohio, and that pursuant to the provisions of said laws, pensions have been granted to several policemen within the city of Marion, Ohio, this plaintiff being one of them, and it has caused said levy to be made and said tax to be collected for the payment of pensions to policemen and for no other purpose whatsoever and that by reason thereof said fund of $7166 10 can be applied only to the payment of pensions to policemen and can be applied or used for no other purpose whatsoever; that the defendant the City of Marion, Ohio, is now attempting to proceed without authority in law to divert said fund to an unlawful use and should be enjoined from doing so.

Plaintiff further alleges that he and the other policemen in the City of Marion, Ohio, who have been granted pensions, relinquished their several positions on the police force in the city of Marion in which positions they were protected by Civil Service laws and that such several positions were relinquished at the instance of the City of Marion, Ohio, on the definite assurance that the police pension system was effective within the City of Marion, and that he has a legal right to and the other policemen granted pensions have a legal right to the distribution of said sum of $7166.10 to them according to their respective pensions and that if said sum is diverted to any other purpose he and they will suffer an irreparable injury for which they have no claim, adequate or complete remedy at law.

The prayer of the petition is that the defendant Harry V. Mounts be enjoined from reporting said fund of $7166.10 to any other than the policemen's pension fund; that the defendant Sherman Halderman as treasurer of the City of Marion, Ohio, be enjoined from depositing said fund in any other than the policemen's pension fund and that he be enjoined from paying out any of said fund except in payment of pensions to policemen in the amounts heretofore fixed as the pensions of the different policemen; that the defendant the City of Marion be enjoined from in any wise interfering with the deposit of said moneys in the policemen's pension fund and be enjoined from diverting or attempting to divert the said sum of $7166.10 to any other purpose or for any other use except the payment of policemen's pensions.

To this petition the defendant the City of Marion, Ohio, filed an amended answer

## 344

admitting that it is a municipal corporation duly incorporated under and by virtue of the laws of the State of Ohio, and denies each and every other allegation contained in plaintiff's petition.

For further answer it alleged that on or about the 20th day of April, 1904, the General Assembly of the State of Ohio enacted §§4616 to 4631 GC, inclusive; that on the 3rd day of April, 1929, the General Assembly of the State of Ohio amended §§4616, 4617, 4618, 4619, 4620, 4621 and 4628 GC and repealed §4622 GC; that a portion of §4616 GC reads as follows:

"In any municipal corporation, having a police department supported in whole or in part at public expense, the council by ordinance may declare the necessity for the establishment and maintenance of a police relief fund. * * *"

The defendant in its amended answer further alleges that on or about the 11th day of October, 1926, the council of the City of Marion, Ohio, passed and enacted ordinance No. 2411 establishing a police pension fund as follows:

### ORDINANCE NO. 2411.

"Declaring the necessity for the establishment and maintenance of a police relief and pension fund in creating a Board of Trustees and authorizing the city auditor to accept said money in the hands of the Safety Director in the City of Marion, Ohio, to place the same in a special fund designated upon his books as the police relief and pension fund:

1. Whereas no provision has heretofore been made for the establishment of the police relief and pension fund.

2. Whereas W. B. Strayer, Safety Director of the City of Marion, Ohio, has in his possession certain funds derived from a police ursurped benefit.

3. Whereas it is necessary to establish said fund and to provide the Board of Trustees to administer said fund.

Now therefore, be it ordained by the council of the City of Marion and State of Ohio:

Section 1. That it is hereby declared necessary to establish and maintain a police relief and pension fund.

Sec 2. There is hereby created a Board of Trustees and all the trustees of the police and pension fund to consist of directors of the public service and safety and five members of the city police department who shall be elected according to law.

Sec 3. That the city auditor be and he hereby is authorized and directed to accept said money now in the hands of the Safety Director of the City of Marion and to place said money in a special fund to be designated as 'police, relief and pension fund'. and said fund to be used for no other purpose.

Sec 4. This ordinance shall take effect and be in force from and after the earliest period allowed by law."

It is further alleged that on or about the 28th day of February, 1936, the council of the City of Marion, Ohio, by ordinance No. 4006, repealed ordinance No. 2411, relative to the policemen's pension fund, which is as follows:

### "ORDINANCE NO. 4006.

"Repealing ordinance No. 2411, establishing a police pension fund.

"WHEREAS, ordinance No. 2411, was passed October 11th, 1936, recorded in Volume 10, at page 52 of the Ordinance Records of the City of Marion, Ohio, entitled 'declaring the necessity of establishing a police relief & pension fund'.

"THEREFORE BE IT ORDAINED by the Council of the City of Marion, Ohio:

"Sec 1. That said ordinance and all other motions, resolutions and ordinances pertaining to said pension fund be and the same are hereby repealed.

"Sec 2. That this ordinance shall take effect and be in force from the earliest period allowed by law.

"Passed: February 28, 1936

(Sgd.) R. C. Snare
President of the Council
of the City of Marion, Ohio.

Approved: February 28, 1936.

By (Sgd.) Frederick C. Smith,
Mayor.

Attest: (Sgd.) Harry L. Brookshire,
Clerk."

Further answering, the defendant the City of Marion, Ohio, makes the following allegations:

This answering defendant further says that the action of the Legislature of the State of Ohio, in passing §§4616 to 4631 GC, inclusive, was an attempted delegation to the council of the City of Marion, Ohio, of the power and authority to pass a law which was in violation of Article 11, §26 of the Constitution of the State of Ohio, and therefore null and void.

That this action by the council of the City of Marion, Ohio, in passing ordinance

No. 2411, was an attempted delegation to the policemen's pension fund, of authority to make rules and regulations for the distribution of the funds of the City of Marion, Ohio, to name the beneficiaries thereof and the amount to be paid out of the public funds, contrary to Article 11, §26 of the Constitution of the State of Ohio, and therefore null and void.

This answering defendant further says that the council of the City of Marion, Ohio, has an absolute right to repeal any legislative act which it may make.

This answering defendant further says that the pension as granted this plaintiff by ordinance No. 2411, was purely a gratuitous grant or bounty, and by repealing said ordinance legally terminated and abolished all rights of plaintiff to said pension fund.

This answering defendant further says that plaintiff's contention, if supported, would be taking property without due process of law, and contrary to the Constitution of the State of Ohio, and especially contrary to §19 of Article 1 of said Constitution.

The defendant Sherman W. Haldeman also filed an answer to the petition in which he admits that he is the duly elected, qualified and acting treasurer of the City of Marion, Ohio, and is the custodian of the funds of the policemen's pension fund, and that as such custodian he has received during the year 1936, from the auditor of Marion County, Ohio, Harry V. Mounts, as a share of the policemen's pension fund, for the collection of taxes, $7166.10 and that he has deposited the total amount to the credit of the policemen's pension fund.

He denies each and every allegation contained in plaintiff's petition except those admitted as above mentioned.

To the answer of the City of Marion, Ohio, the plaintiff filed his reply denying each and every allegation thereof except such allegations as are admissions or specific denials of the allegations set forth in plaintiff's petition.

The case was submitted to the court upon the pleadings above mentioned and evidence in support thereof admitted on the trial of said cause.

The uncontroverted evidence at the trial establishes the truth of the affirmative allegations of fact as distinguished from the allegations of law and conclusions of law, contained in the petition, the amended answer of the City of Marion and the answer of Sherman W. Haldeman, treasurer of the City of Marion, Ohio.

On the trial of the case the court found on the issues joined in favor of the defendants, and motion for a new trial having been filed and overruled, judgment was entered in favor of the defendants and against the plaintiff on such finding, and it is from this judgment that this appeal on questions of law is taken.

The plaintiff-appellant makes a number of assignments of error in his brief..

Boiled down and stated in non-technical language, it is the contention of the plaintiff-appellant under these assignments of error, that the council of the City of Marion was without authority in law to pass ordinance No. 4006 of said city repealing ordinance No. 2411 declaring the necessity for the establishment and maintenance of a police relief and pension fund, and consequently ordinance No. 2411 remains in effect, and the taxes levied and collected pursuant to the provisions of §4621 GC, to provide funds for the payment of all pensions granted to policemen under existing laws, in the custody of the treasurer of Marion County, settlement for which at the time this action was brought was being made by Harry V. Mounts as auditor of Marion County, constitutes a fund for the purposes for which it was levied and collected, and is not subject to appropriation or use for any other purpose, and the plaintiff as a pensioner of said fund is entitled to an injunction against the defendants named to enjoin them from appropriating and using said fund or any part thereof for any purpose other than the payment of all pensions granted to policemen including the plaintiff, under existing laws.

On the other hand, it is the contention of the defendants-appellees that the enactment of ordinance No. 4006 of the City of Marion, repealing ordinance No. 2411 of said city declaring the necessity for the establishment and maintenance of a police relief pension fund was a valid exercise of power of said city and effective as a repeal of said ordinance No. 2411, and as under the law a policeman to whom a pension has been granted under the provisions of §§4616 to 4631 GC, has no vested interest in such pension, the right of the plaintiff and other policemen of said city who have been awarded pensions by the trustees of said police relief pension fund pursuant to the provisions of said sections of the General Code and particularly §4628 GC thereof, terminated with the repeal of said ordinance No. 2411, and said tax fund constitutes an unappropriated fund of said city which may be used

for purposes other than the payment of said pensions which the city intends and proposes to do.

It is further contended by the defendants-appellees that §§4616 to 4631 GC, are unconstitutional and void and the plaintiff has acquired no rights thereunder or in the fund created by taxation pursuant to said sections for the reasons:

a. That said sections constitute attempted delegation to the City of Marion of the power and authority to pass a law in violation of **Article II, §26 of the Constitution of Ohio.**

b. That said sections constitute an attempted delegation to the Board of Trustees of the police relief fund created thereunder, of authority to make rules and regulations for the distribution of funds of the City of Marion, to name the beneficiaries thereof, and the amount to be paid out of public funds, in violation of **Article II, §26 of the Constitution of Ohio.**

c. That said sections provide for the taking of property without due process of law, contrary to the Constitution of Ohio and particularly §19 of **Article I** thereof.

The contention of the plaintiff and the first contention of the defendants will be considered together as they both relate to the same subject matter; and the other contention of defendants will then be considered in the order mentioned.

1. In order to determine the validity of ordinance No. 4006 repealing ordinance No. 2411, it is necessary to consider the provisions of §§4616 to 4631, GC, relating to the police relief funds at the time said ordinance No. 2411 was adopted in October 1926, and of the amendments thereto made subsequent to that time.

Sec 4616 GC at the time of the adoption of ordinance No. 2411 read as follows:

"Trustees, how composed. In any municipal corporation having a police department supported in whole or in part at public expense, the council by ordinance may declare the necessity for the establishment and maintenance of a police relief fund. Thereupon a Board of Trustees who shall be known as 'trustees of the police relief fund' shall be created, which in cities shall consist of the Director of Public Safety, and in villages of the marshal and five other persons, members of such department. But upon petition of a majority of the members of the Police Department, such director or marshal may designate a less number than five to be elected as trustees."

And §§4617 to 4631 GC prescribed the manner of election of members of the trustees of the police relief fund, the notice to be given, the time of election, and specifically prescribe the method of such election; how the vote should be canvassed and how a tie vote should be decided; the terms of the members of the trustees of the police relief fund; how vacancies are filled, and the general duties of the members of the police relief fund; the method of organization of the trustees of the police relief fund; the officers and their duties; the method of securing funds for the operation of the police relief fund and the duties of the trustees with reference thereto; additional method of securing funds for the operation of the police relief fund; all fines imposed upon members of the police department and all rewards, fees and emoluments received by any member of the police department shall be turned over to the police relief fund; the trustees of the fund may receive gifts, grants, devises or bequests, money or real or personal property which shall belong to the police relief fund; the trustees may receive contributions from members of the police department; the treasurer of the municipality shall be the custodian of the police relief fund and shall pay out upon the proper order of the trustees thereof, and should execute a bond conditioned for the faithful performance of his duties with respect to the fund; the method of investment of funds belonging to the police relief fund; all persons drawing pensions or entitled to them or other relief from any existing police relief or pension fund shall thereafter receive payment and be subject to the rules and regulations adopted by the Board of Trustees of the police relief fund; the trustees of the police relief fund created hereunder shall succeed all other boards having to do with police relief; the trustees of the police relief fund shall make an annual report to the council of the municipality.

On April 3, 1929, the General Assembly of Ohio amended §§4616, 4617, 4618, 4619 4620, 4621 and 4628 GC and repealed §4622 GC which prescribes additional method of securing funds for the operation of the police fund, which amendments and repeal became effective July 11, 1929.

The amendments mentioned did not affect the general purport of the sections amended except that they made the levying of the tax provided for in §4621, GC, mandatory, and except that original section §4616 GC, above quoted, was amended so

as to provide that the Board of Trustees shall be composed of different persons chosen in a different manner than provided in the original section, all that part thereof preceding the words "which in cities shall consist of the Director of Public Safety," in the original section, being retained in the amended section.

From an inspection of the provisions of these sections it will be noted that a comprehensive, complete and detailed plan and system for "police relief funds" are prescribed which become effective in any municipality having a police department supported in whole or in part at public expense, when the council of such municipal corporation by ordinance declares the necessity for the establishment and maintenance of a police relief fund, and there is nothing in these sections which purports to give the governing body of the city power to add to, take from, or to modify any of these provisions.

While ordinance No. 2411, above quoted in §2 thereof purports to create a board of trustees known as the Trustees of the Police Relief and Pension Fund to consist of the Director of Public Safety and five members of such Police Department, who shall be elected according to law, such Board of Trustees derives its authority not from the ordinance but from the provisions of the General Code prescribing its creation without further action by the municipal corporation affected when the council of such municipal corporation by ordinance declared the necessity for the establishment and maintenance of a police relief fund, and the provisions of §2 of said ordinance are without legal effect.

On this phase of the case at bar the question to be determined, therefore, is whether an ordinance adopted by the council of a municipal corporation, pursuant to the provisions of §4616, GC, declaring the existence of a state of facts which makes the provisions of §§4616 to 4631, GC, become operative in the municipal corporation without any further legislative action by the municipal corporation may be repealed at a subsequent date by ordinance of council, so as to render the provisions of said sections inoperative in said municipal corporation.

It is the general rule that a specific grant of power to amend or repeal ordinances is not necessary as the power to enact them unless restricted, implies power to amend or repeal them. McQuillen on Municipal Corporations, Second Edition, Volume 2, page 938; 19 R.C.L. page 901. However, there are exceptions to this rule.

It was held by the Supreme Court of Indiana, in the case of Simpson, Treasurer of the City of Gary v State ex Eisler, decided November 26, 1912, reported in 99 NE at page 980, that this general rule does not apply to an ordinance enacted under a limited authority to do a certain thing in a manner and at a time fixed by the Legislature; and the exception to the general rule stated in the language of this holding is recognized by legal text writers. McQuillen on Municipal Corporations, Second Edition, Volume 2, pages 839 and 840; 19 R.C.L. page 901; 43 Corpus Juris, page 563.

The question involved in the Simpson case, supra, was the validity of an ordinance of the City of Gary, passed February 19, 1912, repealing an ordinance of said city passed March 11, 1911, fixing license fees for the sale of intoxicating liquors with in the municipality. The law pursuant to which the licensing ordinance was adopted provided certain minimum license fees effective throughout municipalities of Indiana, but authorizing municipalities within said state within thirty days after the taking effect of the statute, by ordinance to fix fees in excess of the minimum fees and not to exceed the maximum fees provided in said statute. The licensing ordinance, the repeal of which was attempted, was adopted within thirty days from the taking effect of the state law and fixed fees at the maximum provided by the state law. It was held that the city, having fixed fees by ordinance at an amount in excess of the minimum fees provided by the Act, within the thirty day period limited by the Act, was without authority in law thereafter to enact an ordinance repealing such licensing ordinance.

It will be noted that in the Simpson case, supra, the statute pursuant to which the licensing ordinance was adopted, in addition to other limitations on the power of municipalities to act, provided a limitation as to the time within which power was conferred on a municipality to enact a licensing ordinance, and such limitation as to time of action being present in the statute, was treated in the holding as one of the elements excluding the implication that the municipality was given jurisdiction to repeal the ordinance.

In the later cases of State ex Wheeler v Mentley, Supreme Court of Kansas, July 10, 1915, 150 Pacific, page 218, and Brown et v Arkansas City et, Supreme Court of Kan-

sas, May 21, 1932, 11 Pacifi: (Second Series) page 607, there were no limitations in the statutes involved, as to the time within which municipalities might act, but the statutes were complete and detailed in themselves without grant of authority to municipalities to add to, take from or modify any of their provisions, and by their terms became effective in the municipalities upon the municipalities by finding, ordinance or resolution declaring the existence of a state of facts pursuant to the provisions of such statute rendering the provisions thereof effective within the municipalities. And on this state of facts the conclusion was reached that municipalities had no implied power to repeal such findings, resolutions or ordinances putting such statute in operation within the municipalities.

In the first of the two cases last mentioned it was held that after a City Commission by a proper resolution decided to bring its public library under the provisions of the state acts relating to public libraries, such acts then govern and their operation cannot be taken away by rescinding the former resolution. In the second case last mentioned, it was held that where a city, pursuant to an act of the Legislature adopts a finding, resolution or ordinance which has the effect under the state law of establishing in such city a city court, the operation of which is governed by state law, the city has no implied power to rescind or repeal such finding, resolution or ordinance and an ordinance of the city attempting to repeal such finding, resolution or ordinance is invalid.

From a consideration of all the cases mentioned it is obvious that the rule that power to enact ordinances implies power to repeal them, does not apply to an ordinance, resolution or finding, adopted pursuant of the statute, expressing the will of a municipality that such statute shall become effective therein where such statute is complete and operative in itself and no authority is conferred by it on a municipality to add to, take from or modify its provisions.

In the case at bar the only authority conferred on the City of Marion was to adopt an ordinance declaring the necessity for the establishment and maintenance of a police relief fund. Upon the adoption of this ordinance the provisions of §§4616 to 4631 GC became fully effective and operative within the municipality without further legislative action by the city and without authority to the city to add to, take from or modify said statutory provisions. Having become effective the Legislature is the only body having power to cause such statute to become inoperative. A contrary holding would necessarily be predicated upon the assumption that the council of a municipality had implied power to nullify the operation of a law of the state within the limits of the municipality.

For the reasons mentioned we answer the question to be determined on this phase of the case in the negative, and hold that the council of the City of Marion was without authority in law to repeal ordinance Number 2411 which had the effect of making §§4616 to 4631 GC effective in the City of Marion; and that ordinance Number 4006 is therefore void, the original ordinance Number 2411 and §§4616 to 4631 GC, remain in full force and effect in said city.

Although pensions granted by public authorities under statutes similar to the statutes involved in the case at bar, are gratuities in the continuance of which the pensioner has no vested rights, it is conceded that where any particular payment has become due, as in the case at bar, the pensioner has a vested right to it. 21 R.C.L. pages 242, 243. And the courts of this state have uniformly enforced the rights of pensioners under the statutes and ordinances adopted pursuant thereto, and under existing rules and regulations made by trustees of pension funds pursuant to such statutes. State v Connors, 122 Oh St 359.

The plaintiff, therefore, as a pensioner under such statutory pension system, which as hereinbefore held remains in full force and effect in the City of Marion, is, under the pleadings and facts in the case at bar, entitled to the injunctive relief prayed for by him unless §§4616 to 4631, GC, are unconstitutional in one or more of the respects contended by the defendants-appellees.

We will next consider the question as to whether §§ 4616 to 4631, GC, constitute an attempted delegation to the City of Marion, of the power and authority to pass a law in violation of Article II, §26 of the Constitution of Ohio.

The section referred to reads as follows:

"All laws of a general nature shall have a uniform operation throughout the state; nor, shall any act, except such as relates to public schools, be passed, to take effect upon the approval of any other authority

than the General Assembly, except as otherwise provided in the Constitution."

It is the contention of the defendants-appellees that said General Code Sections violate said constitutional section in that by the terms thereof their provisions become effective and operative within a municipality of the state, upon and only upon such municipality declaring by ordinance the necessity for the establishment and maintenance of a police relief fund, thereby violating the provisions of said constitutional section reading:— "nor, shall any act * * * be passed to take effect upon the approval of any other authority than the General Assembly. * * *"

The same objection was made to the constitutionality of the act entitled "An Act to further provide against the evils resulting from the traffic in intoxicating liquors by local option in any township in the State of Ohio," passed March 3, 1888, in the cases of Gordon v State and Santaro v State, 46 Oh St page 607.

The Act referred to provided that one-fourth of the qualified electors of any township may petition the trustees for the privilege of determining by ballot whether the sale of intoxicating liquors as a beverage shall be prohibited, the election to be conducted in all respects the same in every township and if the result of the vote is against the sale, the same penalty being attached in every township for engaging in the traffic. As described in the opinion in the above last mentioned cases, at page 633, the Act referred to is a law to prohibit the sale of intoxicating liquors upon the contingency that a majority of the qualified electors of any township shall vote against its sale.

At pages 631 and 632 of the opinion, in commenting upon this objection to the constitutionality of the Act, it is said:—

"It is evident, we think, that the Act whose constitutional validity is called in question, was a complete law when it had passed through the several stages of legislative enactment, and derived none of its validity from a vote of the people. In all its parts it is an expression of the will of the Legislature, and the execution is made dependent upon the condition prescribed by the legislative department of the state. By its terms, it was made to take effect from and after its passage. The qualified electors derived their authority to petition the trustees, and the trustees obtained their authority to order a special election,

directly from the Legislature. The right of the voters to register their votes for or against the sale of intoxicating liquors is conferred by the same body. If a majority of the votes cast at such election should be against the sale, the traffic in intoxicating liquors is thereby prohibited and made unlawful by virtue of the act of the General Assembly, which may at once, if a change should come over the legislative will, repeal the law and avoid the result of the election."

And further in the opinion at pages 632 and 633, the judge writing the same quotes with approval from the opinion of Judge Ranney in the case of C. W. & Z. Railroad Company v Commissioners of Clinton County, 1 Oh St 77, involving the constitutionality of an act of the General Assembly authorizing the County Commissioners to subscribe to the capital stock of the company, as follows:—

"We think it is undeniable that the complete exercise of legislative power by the General Assembly, does not necessarily require the Act to so apply its provisions to the subject matter, as to compel their employment without the intervening assent of other persons or to permit taking effect only upon the performance of the conditions expressed in the law. * * * The true distinction, therefor, is, between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and conferring an authority or discretion to be exercised as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter no valid objection can be made."

It is further stated in the opinion that the doctrine is ordinarily accepted that it is within the scope of legislative power to enact laws which shall not take effect until the happening of some particular event, or in some contingency thereafter to arise or upon the performance of some specified condition.

. Upon this reasoning and the authorities mentioned, the act involved in the Gordon and Santora cases, supra, was held constitutional by the Supreme Court; and on the same reasoning following that decision, we hold the sections of the General Code involved in this case, constitutional so far as the contention that they constitute a delegation of the power of the General Assembly to municipalities of the state, is concerned.

3. We will next consider the contention that said sections of the General Code constitute an attempted delegation to the board of trustees of the police relief fund created thereunder, of authority to make rules and regulations for the distribution of funds of the City of Marion, to name the beneficiaries thereof and the amount to be paid out of public funds, in violation of Article II, §26 of the Constitution.

This contention is directed at §4628 GC, which reads as follows:

"Rules and Regulations.—

"Such trustees shall make all rules and regulations for distribution of the fund, including the qualifications of those to whom any portion of the fund shall be paid, and the amount thereof, with power also to give credit for prior continuous actual service in the Fire Department or in any other department of the city rendering service in fire prevention, but, no rules or regulations shall be in force until approved by a majority of the Board of Trustees."

From all the other provisions of said sections hereinbefore mentioned and the statutory designation of the fund it is clear that the beneficiaries of the "police relief fund" are limited to members of the Police Department and their dependents; and the limitation of the amount of tax to be levied for the purposes of such fund, provided in §4621, GC, limits the amount of money that may be distributed by the trustees of such fund under the provisions of §4628 GC.

The question to be determined therefore on this contention is whether the power conferred on the trustees of the fund, within the limits mentioned, to make the rules and regulations for the distribution of the fund, including the qualification of persons to whom any portion of the fund shall be paid and the amount thereof with power also to give credit for prior continuous actual service in the Fire Department or any other department of the city rendering service in fire prevention, constitutes a delegation of legislative power in contravention of Article II, §26.

The pension system prescribed in sections of the General Code mentioned has a direct relation to law enforcement, public safety and general welfare, and is a police regulation in that under such system security is provided for the members of the Police Department and their dependents, which tends to make such employment attract a man best suited for such work;

tends to secure continuance in such employment giving the municipality the benefit of experience derived from long service; tends to secure contentment in the employment and prevent friction; and to the establishment and maintenance of an "esperet de corps" in the Police Department; all essential to law enforcement, public safety and the general welfare. 19 R. C.L. pages 726, 727.

On account of the differences in the population and wealth; the differences in number and duties of those employed; and the difference in the cost of living and wage levels in the various municipalities of the state, it would be impossible or impracticable for the General Assembly to draft a law providing standards to govern the actions of the trustees in the performance of the duties prescribed in §4628 GC; and to do so would defeat the legislative object sought to be accomplished.

In the case of Matz v J. L. Curtis Traction Company, 132 Oh St, 7 NE Second Series. at page 220, decided by the Supreme Court on March 17, 1937, it was held:

"As a general rule a law which confers discretion on an executive officer or board without establishing any standards for guidance is a delegation of legislative power and unconstitutional; but when the discretion to be exercised relates to a police regulation for the protection of the public morals, health, safety, or general welfare, and it is impossible or impracticable to provide such standards, and to do so would defeat the legislative objects sought to be accomplished, legislation conferring such discretion may be valid and constitutional without such restrictions and limitations."

The sections of the General Code mentioned clearly come within the above holding, and are therefore valid and constitutional notwithstanding the failure of the General Assembly to establish standards for the guidance of the trustees in the performance of their duties under such sections.

We will next consider the last contention of the defendants-appellees that said sections provide for the taking of property without due process of law contrary to the Constitution of Ohio and particularly §19 of Article 1 thereof.

We have not found any decision of Ohio courts on this question but the general rule applicable thereto is stated in 19 R. C.L. at pages 726 and 727, as follows:

 

"The establishment of a pension system for municipal officers and employees, whereby, after serving a certain number of years or upon disablement from injuries received in the course of their duties, they are retired from active service and paid a certain proportion of their salaries for the remainder of their lives is not an unconstitutional disposition of public moneys for private use when applied to officers and employees who have entered or continued in the service after the system went into effect."

Approving and following this rule we hold that the sections of the General Code involved in the case at bar are valid constitutional enactments and are not violative of the provisions of **Article 1, §19** or any other provision of the constitution.

For the reasons hereinbefore mentioned the judgment of the Common Pleas Court will be reversed as being contrary to the law and the evidence, and this court rendering the finding and judgment the Common Pleas Court should have rendered, will enter final judgment for the plaintiff-appellant as prayed for in his petition, at the costs of the defendants-appellees.

CROW, J, concurs.

KLINGER, J, dissents on the ground that Ordinance No. 4006 repealing Ordinance No. 2411 is a valid enactment and effective in repealing said Ordinance No. 2411. **State ex Schmidt v Coulson, Auditor, 7 Oh Ap 438.**